[No. 3752.   Decided April 13, 1901.]

FLORIAN DANUSER, *Appellant,* v. M. SELLER & Co., INCORPORATED, *Respondent.*

MASTER AND SERVANT — SAFE PLACE TO WORK — ASSUMPTION OF RISKS.

Where it was the custom in a store building having an elevator running from the basement to the second floor for any of the employees, without the ringing of a bell, to move same at his own convenience by pulling a rope, an employee whose business it was to make use of such elevator must be held as having assumed the risk of his employment, and where, while engaged on one floor in loading the elevator, he backed into the open shaft and fell to the basement by reason of the elevator having been moved without warning, by another employee, he cannot recover for his injuries.

Appeal from Superior Court, Spokane County.—Hon. JESSE P. HOUSER, Judge. Affirmed.

*John A. Peacock* and *Thomas C. Griffits,* for appellant.

*F. T. Post,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This was an action for damages for personal injury. At the close of plaintiff's testimony, defendant moved for a non-suit upon the grounds: (1) That the evidence did not establish any negligence on the part of the defendant; (2) that the evidence established that plaintiff assumed the risks in connection with his employment as to the use and operation of the elevator; (3) that the plaintiff was guilty of contributory negligence; (4) that the injury, if caused by anybody's negligence, or anybody's besides the plaintiff's, was by the negligence of his fellow servant. This motion was granted by the court below.

The action was brought by an employee of the respondent, a mercantile establishment in the city of Spokane. The building consisted of a first and second floor and a basement, the basement being about twelve feet deep, and the distance between the first and second floors being about fourteen feet. The first floor was used by the respondent as a retail store, the second floor for a stock room, packing room, etc., and the basement for a general store room. Running from the basement to the second floor was an elevator, which was used for the purpose of taking goods to and from the basement and second floor. This elevator way in the basement was open. On the first floor it was inclosed on three sides by a partition; and on the fourth side, opening on Main street, it had a gate about three feet high, made of wooden slats, several inches apart, the

gate being made to slide up and down by means of a weight and rope run over a pulley, worked by hand. On the second floor there were similar slat gates on two opposite sides of the elevator shaft, with a slat railing on the third, and the wall of the building on the fourth, side. On the first floor, on the side opening on Main street, there was an entrance way to the sidewalk. The elevator was run by an electric motor in the basement, and was started and stopped by means of a rope connected with the machinery in the basement, and run up one corner of the elevator way to the top of the second story. At the time of the accident respondent had received a car load of tinware, and appellant went to the first floor with the elevator, and, with a truck, proceeded to load the elevator, as he was directed. He had placed one box on the elevator, when he was hallooed to by the city delivery man that he wanted the elevator, and told him that he could not have it. Appellant then proceeded with his work, went to the sidewalk, placed a box on the truck, and backed up towards the elevator with the truck. When he came to the shaft, the elevator had been taken up by the drayman, and the appellant backed into the shaft, fell down the same, the box and truck falling on top of him, and he thereby received the injury for which he seeks to recover.

We think the court committed no error in granting the non-suit. It is well established that the employer must furnish the employee with a safe place to work, but it is just as well established that the employee assumes the risks of apparent peril. The testimony in this case shows that the appellant had been working for the respondent in this building for several months, and, while he was technically called a stock clerk, it is evident that he had frequent occasion to use the elevator. The testimony shows that it was the habit of the employees, instead of ringing for the

elevator, to pull in backwards and forwards by a rope which was attached to it, each employee accommodating himself. This custom was known to the appellant. He knew that, if the elevator had been taken from the position it occupied where he was using it, there would be no protection against falling into the shaft. There was no latent defect shown in the machinery of the elevator. There was no hidden danger. The appellant blindly approached the shaft, not taking any thought of his position, or any pains to discover whether or not the elevator was in its position. The very fact that the drayman had demanded the elevator of him, although he told him that he could not have it, was sufficient to have put him on his guard in this respect. It being true, then, that the risk from the elevator, such as it was, was assumed by the appellant, it is not necessary to discuss the errors alleged in appellant's brief.

The judgment of the lower court is affirmed.

REAVIS, C. J., and FULLERTON, ANDERS and MOUNT, JJ., concur.